E. Robert Buss, Esq.
Charney, Buss and Williams P.C.
8551 N. 125th E. Ave., Suite 200
Owasso, Oklahoma 74055

and

Jedd Marcus, Esq.
Samuel J. Thomas, Esq.
BRESSLER, AMERY & ROSS
A Professional Corporation
325 Columbia Turnpike
Florham Park, New Jersey 07932
P.O. Box 1980
Morristown, New Jersey 07962
(973) 514-1200
Attorneys for Plaintiffs

## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| (1) TRANSPORTATION INSURANCE COMPANY<br>(2) NATIONAL FIRE INSURANCE COMPANY OF HARTFORD,<br><br>Plaintiffs,<br><br>v.<br><br>(1) M L YOUNG CONSTRUCTION, LLC,<br><br>Defendant. | Civil Action No. CIV-10-969-M<br><br>**COMPLAINT** |

Plaintiffs Transportation Insurance Company and National Fire Insurance Company of Hartford, by way of Complaint against Defendant M L Young Construction, LLC say:

1

## THE PARTIES

1. Plaintiff Transportation Insurance Company ("TIC") is an insurance carrier organized under the laws of the State of Illinois with a principal place of business at 333 South Wabash Avenue, Chicago, Illinois. Plaintiff TIC is authorized to transact business in the State of Oklahoma.

2. Plaintiff National Fire Insurance Company of Hartford ("National Fire") is an insurance carrier organized under the laws of the State of Illinois with a principal place of business at 333 South Wabash Avenue, Chicago, Illinois. Plaintiff National Fire is authorized to transact business in the State of Oklahoma.

3. Defendant M L Young Construction, LLC ("M L Young" or "Defendant") is a limited liability company organized under the laws of the State of Oklahoma with a principal place of business at 5720 N I-35 Industrial Boulevard, Edmond, Oklahoma.

## JURISDICTIONAL ALLEGATIONS

4. The amount in controversy between the parties exceeds $75,000.

5. Jurisdiction is based on diversity of citizenship pursuant to 28 U.S.C. § 1332.

## FACTUAL ALLEGATIONS COMMON TO ALL COUNTS

6. Plaintiffs repeat, restate and reallege the allegations of Paragraphs 1 through 5 as if fully set forth herein.

**The 2007 Policies**

7. Plaintiff TIC issued a policy of workers' compensation insurance to Defendant under Policy No. WC 2097324346 for the effective dates of September 17, 2007 to July 10, 2008.

8. Policy No. WC 2097324346 is an insurance contract which provides insurance coverage for certain liabilities of Defendant as set forth in the policy in exchange for premiums.

9. Pursuant to the terms of Policy No. WC 2097324346, initial premiums were based on information submitted by Defendant and/or its insurance broker regarding Defendant's estimated exposure bases for the policy's effective dates.

10. Initial premiums were $78,307.00. Defendant paid these initial premiums to Plaintiff TIC.

11. Since initial premiums are based on estimated information, Policy No. WC 2097324346 is subject to audit based on actual exposure bases for the effective dates of the policy. The audit procedure can result in additional or return premiums.

12. The audit produced total earned premiums of $125,653.00. Defendant, therefore, became indebted to Plaintiff TIC for the additional premiums of $47,346.00 ($125,653.00 - $78,307.00). Plaintiff TIC issued an invoice for these additional premiums to Defendant in a timely fashion.

13. Plaintiff National Fire issued a policy of general liability insurance to Defendant under Policy No. INS 2097324525 for the effective dates of September 17, 2007 to July 10, 2008.

14. Policy No. INS 2097324525 is an insurance contract which provides insurance coverage for certain liabilities of Defendant as set forth in the policy in exchange for premiums.

15. Pursuant to the terms of Policy No. INS 2097324525, initial premiums were based on information submitted by Defendant and/or its insurance broker regarding Defendant's estimated exposure bases for the policy's effective dates.

16. Initial premiums were $53,665.00. Defendant paid these initial premiums to Plaintiff National Fire.

17. Since initial premiums are based on estimated information, Policy No. INS 2097324525 is subject to audit based on actual exposure bases for the effective dates of the policy. The audit procedure can result in additional or return premiums.

18. The audit produced total earned premiums of $71,240.00. Defendant, therefore, became indebted to Plaintiff National Fire for the additional premiums of $17,575.00 ($71,240.00 - $53,665.00). Plaintiff National Fire issued an invoice for these additional premiums to Defendant in a timely fashion.

19. In addition, Defendant owes Plaintiff National Fire $2,000.00 as a deductible for a claim filed submitted for coverage under Policy No. INS 2097324525. Plaintiff National Fire issued an invoice for this deductible to Defendant in a timely fashion.

20. Policy No. WC 2097324346 and Policy No. INS 2097324525 are hereinafter collectively referred to as the 2007 Policies.

**The 2008 Policies**

21. Plaintiff TIC issued a renewal of Policy No. WC 2097324346 to Defendant for the effective dates of July 10, 2008 to July 10, 2009.

22. Policy No. WC 2097324346 is an insurance contract which provides insurance coverage for certain liabilities of Defendant as set forth in the policy in exchange for premiums.

23. Pursuant to the terms of Policy No. WC 2097324346, initial premiums were based on information submitted by Defendant and/or its insurance broker regarding Defendant's estimated exposure bases for the policy's effective dates.

24. Initial premiums were $38,886.00. Defendant paid these initial premiums to Plaintiff TIC.

25. Since initial premiums are based on estimated information, Policy No. WC 2097324346 is subject to audit based on actual exposure bases for the effective dates of the policy. The audit procedure can result in additional or return premiums.

26. The audit produced total earned premiums of $59,776.00. Defendant, therefore, became indebted to Plaintiff TIC for the additional premiums of $20,890.00 ($59,776.00 - $38,886.00). Plaintiff TIC issued an invoice for these additional premiums to Defendant in a timely fashion.

27. Plaintiff National Fire issued a renewal of Policy No. INS 2097324525 to Defendant for the effective dates of July 10, 2008 to July 10, 2009.

28. Policy No. INS 2097324525 is an insurance contract which provides insurance coverage for certain liabilities of Defendant as set forth in the policy in exchange for premiums.

29. Pursuant to the terms of Policy No. INS 2097324525, initial premiums were based on information submitted by Defendant and/or its insurance broker regarding Defendant's estimated exposure bases for the policy's effective dates.

30. Initial premiums were $28,241.00. Defendant paid these initial premiums to Plaintiff National Fire.

31. Since initial premiums are based on estimated information, Policy No. INS 2097324525 is subject to audit based on actual exposure bases for the effective dates of the policy. The audit procedure can result in additional or return premiums.

32. The audit produced total earned premiums of $33,092.00. Defendant, therefore, became indebted to Plaintiff National Fire for the additional premiums of $4,851.00 ($33,092.00 - $28,241.00). Plaintiff National Fire issued an invoice for these additional premiums to Defendant in a timely fashion.

33. In addition, Defendant owes Plaintiff National Fire $6,000.00 as deductibles for claims submitted for coverage under Policy No. INS 2097324525. Plaintiff National Fire issued an invoice for these deductibles to Defendant in a timely fashion.

34. The renewal of Policy No. WC 2097324346 and Policy No. INS 2097324525 are hereinafter collectively referred to as the 2008 Policies.

35. The 2007 Policy and 2008 Policies, including deductible charges of $8,000.00, generated total premiums of $297,761.00 due Plaintiffs. To date, Defendant has remitted payment in the amount of $199,099.00 to Plaintiffs. Defendant, however, has failed and refused to pay the remaining balance due Plaintiffs of $98,662.00.

## COUNT ONE
### (Breach of Contract – Breach of Insurance Policies)

36.     Plaintiffs repeat, restate and reallege the allegations of Paragraphs 1 through 35 as if fully set forth herein.

37.     Defendant has failed and refused to remit payment of $98,662.00 owed to Plaintiffs pursuant to the terms of the 2007 Policy and 2008 Policies.

38.     Plaintiffs, on numerous occasions prior to filing the instant litigation, demanded payment of the amounts owed by Defendant to Plaintiffs.

39.     Plaintiffs have attempted to collect the amounts due and owing by Defendant to Plaintiffs without success.

40.     Defendant has breached the insurance contracts between the parties by its failure to remit payment of premiums and deductibles.

41.     Defendant has failed, refused and continues to refuse to pay the balance due and owing Plaintiffs thereby resulting in damages to Plaintiffs in the amount of $98,662.00 plus attorney's fees, expenses and court costs.

**WHEREFORE**, Plaintiffs demand judgment against Defendant in the amount of $98,662.00 as compensatory damages, together with attorney's fees, costs of suit, and such further relief as this Court deems just and proper.

## COUNT TWO
### (Unjust Enrichment)

42. Plaintiffs repeat, restate and reallege the allegations of Paragraphs 1 through 35 as if fully set forth herein.

43. Plaintiffs have paid certain obligations of Defendant and have provided certain services to Defendant for which Defendant has refused to pay and has been unjustly enriched thereby.

44. Plaintiffs have repeatedly demanded that Defendant remit payment of the amounts owed by Defendant to Plaintiffs.

45. Defendant has failed, refused and continues to refuse to pay the balance due and owing to Plaintiffs thereby resulting in damages to Plaintiffs in the amount of $98,662.00 plus attorney's fees, expenses and court costs.

**WHEREFORE**, Plaintiffs demand judgment against Defendant in the amount of $98,662.00 as compensatory damages, together with attorney's fees, costs of suit, and such further relief as this Court deems just and proper.

## COUNT THREE
### (Account Stated)

46. Plaintiffs repeat, restate and reallege the allegations of Paragraphs 1 through 35 as if fully set forth herein.

8

47. Defendant being indebted to Plaintiffs in the sum of $98,662.00 upon an account stated between them, promised to pay Plaintiffs said sum upon demand.

48. Plaintiffs have repeatedly demanded that Defendant remit payment of the amounts owed by Defendant to Plaintiffs.

49. Defendant has failed, refused and continues to refuse to pay the balance due and owing to Plaintiffs thereby resulting in damages to Plaintiffs in the amount of $98,662.00 plus attorney's fees, expenses and court costs.

**WHEREFORE**, Plaintiffs demand judgment against Defendant in the amount of $98,662.00 as compensatory damages, together with attorney's fees, costs of suit, and such further relief as this Court deems just and proper.

CHARNEY, BUSS AND WILLIAMS P.C.

<u>August 26, 2010</u>
Date

E. ROBERT BUSS OBA 14368
Attorney for Plaintiff
Charney, Buss and Williams P.C.
8551 N. 125th E. Ave., Suite 200
Owasso, Oklahoma 74055
Telephone: (918) 272-5338
Fax: (918) 272-5339
Rbuss@cbwok.com